UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

February 9, 2017

LETTER TO COUNSEL

RE:   *Deborah Kuhn v. Commissioner, Social Security Administration*;
        Civil No. SAG-16-196

Dear Counsel:

On January 20, 2016, Plaintiff Deborah Kuhn petitioned this Court to review the Social Security Administration's final decision to deny her claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). (ECF No. 1). I have considered the parties' cross-motions for summary judgment, and Ms. Kuhn's reply. (ECF Nos. 17, 21, 22). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both parties' motions, reverse the Commissioner's judgment, and remand the case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

After a previous unsuccessful application, Ms. Kuhn filed her claims for benefits on February 5, 2010. (Tr. 273-80). Her claims were denied initially and on reconsideration. (Tr. 166-72, 173-76). Hearings were held on May 17, 2012 and November 6, 2012 before an Administrative Law Judge ("ALJ"). (Tr. 40-106). Following those hearings, the ALJ determined that Ms. Kuhn was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 139-59). The Appeals Council granted Ms. Kuhn's request for review and remanded the case to an ALJ. (Tr. 160-63). A new ALJ held a new hearing on July 28, 2014. (Tr. 107-34). Following that hearing, on September 9, 2014, the ALJ issued a partially favorable decision granting benefits as of May 26, 2014, but denying benefits prior to that date. (Tr. 23-33). Thus, the ALJ's 2014 decision constitutes the final, reviewable decision of the Agency.

The ALJ found that Ms. Kuhn suffered from the severe impairments of "narcolepsy, cataplexy, asthma, conversion disorder, mood disorder, anxiety disorder, and thyroid disorder." (Tr. 26). Despite these impairments, the ALJ determined that Ms. Kuhn retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she must avoid exposure to excessive dust, fumes, odors, and gases. She cannot engage in climbing and must avoid exposure to heights or hazards. She can

*Deborah Kuhn v. Commissioner, Social Security Administration*
Civil No. SAG-16-196
February 9, 2017
Page 2

> engage in only occasional contact with co-workers, supervisors, and/or the general public, due to limitations in social functioning. She is further limited to only simple, routine, repetitive tasks due to limitations in concentration, persistence or pace.

(Tr. 27). After considering the testimony of a vocational expert ("VE"), the ALJ determined that, prior to May 26, 2014, Ms. Kuhn could perform work existing in significant numbers in the national economy and that, therefore, she was not disabled. (Tr. 31-32).

Ms. Kuhn advances two primary arguments on appeal: (1) that the ALJ failed to comply with the dictates of *Mascio v. Colvin,* 780 F.3d 632 (4th Cir. 2015); and (2) that the ALJ did not adequately apply the special technique for evaluation of mental impairments. I agree. In so holding, I express no opinion as to whether the ALJ's ultimate conclusion that Ms. Kuhn was not entitled to benefits is correct or incorrect.

First, the special technique for evaluating mental impairments is set forth in 20 C.F.R. § 416.920a. The ALJ "must first evaluate [the claimant's] pertinent symptoms, signs, and laboratory findings to determine whether [he or she] ha[s] a medically determinable mental impairment(s)." 20 C.F.R. § 416.920a(b)(1). The ALJ must "then rate the degree of functional limitation resulting from the impairment(s)" in four broad functional areas. *Id.* at §§ 416.920a(b)(2), 416.920a(c). The ALJ must document the application of the technique in the hearing decision, incorporating pertinent findings and conclusions, and documenting the significant history and functional limitations that were considered. *Id.* at § 416.920a(e)(4). In this case, however, the ALJ conclusorily stated that Ms. Kuhn had "mild restriction in activities of daily living; moderate difficulties in maintaining social functioning; moderate difficulties in maintaining concentration, persistence or pace; and no episodes of decompensation, each of extended duration." (Tr. 26). The ALJ provided no explanation or citation to any evidence to document how those conclusions were reached. Clearly, then, the application of the special technique was deficient.

Moreover, the ALJ's analysis runs afoul of *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015). As noted, the ALJ made a finding of "moderate difficulties" in the area of concentration, persistence or pace, without any explanation. (Tr. 26). Ultimately, the ALJ imposed a RFC restriction that Ms. Kuhn was "limited to only simple, routine, repetitive tasks due to limitations in concentration, persistence or pace." (Tr. 27). In *Mascio,* the Fourth Circuit agreed "with other circuits that an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." 780 F.3d at 638 (internal citations and quotation marks omitted). The ALJ provided no specific discussion of Ms. Kuhn's ability to sustain work anywhere in the opinion. Accordingly, remand is warranted for the ALJ to explain the basis for his application of the special technique and to explain his findings in accordance with *Mascio.*

For the reasons set forth herein, Ms. Kuhn's Motion for Summary Judgment (ECF No. 17) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 21) is DENIED.

*Deborah Kuhn v. Commissioner, Social Security Administration*
Civil No. SAG-16-196
February 9, 2017
Page 3

Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's judgment is REVERSED IN PART due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The Clerk is directed to CLOSE this case.

    Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

                    Sincerely yours,

                      /s/

                    Stephanie A. Gallagher
                    United States Magistrate Judge